## STATE v. WILLIAMSTOWN AND GOOD INTENT TURNPIKE COMPANY.

1. Where persons act under a special statutory authority, it must *appear* that they have the qualifications required by the statute.

2. And so, too, upon the face of their proceedings everything necessary to the jurisdiction must appear.

Argued before OGDEN and POTTS, Justices.

Mr. *Carpenter* for plaintiff in *certiorari.*

POTTS, J. The 13th section of the act to incorporate the Williamstown and Good Intent Turnpike Company, (*Pam. L.* 357,) enacts that if the company shall not keep the road, &c., in good repair, and complaint shall be made to any justice of the county of Camden, *who may be disinterested,* he shall immediately appoint, &c., three of the township committee of the township wherein the cause of complaint arose, &c., who *being disinterested* in the said turnpike road, or a majority of them, on notice being given to the keeper of the nearest gate, shall meet, view the road, and report to the justice whether the road is in such state as the law requires it to be kept; and if the report is unfavorable he is to order the gates to be kept open, &c.

Complaint being made to a justice under this section, three of the township committee were appointed who, having reported unfavorably to the road, the justice made an order that the gates be opened accordingly.

This order is brought here by *certiorari;* and it is assigned for error.

1. That the proceedings do not show that the justice to

whom the complaint was made and who issued the order, was *disinterested*.

2. Nor do they show that three *disinterested* committee men were appointed.

3. Nor does it appear that the notice was given to the keeper of the *nearest* gate.

The record brought up shows that these assignments are true in point of fact. It nowhere appears that the justice before whom the complaint was made, nor the three township committee men by him appointed and who made the report, were *disinterested*—nor that the notice required by the statute was served on the keeper of the *nearest* gate.

The order of the justice must be set aside. The justice and the committee men were acting by virtue of a special statutory authority; and it must appear that they had the qualification required by the statute; without it they had no jurisdiction. And besides it is equally fatal to the proceedings that the record does not show that notice was served on the person designated by the statute—the nearest gate keeper. The case is within the familiar rule, that persons acting under a special delegated authority must show upon the face of their proceedings every thing necessary to the jurisdiction. *Rex* v. *Mayor of Liverpool*, 4 *Burr.* 2244; *N. J. Railroad* v. *Suydam*, 2 *Har.* 30; *Gilbert* v. *Col. Turnp. Co.*, 3 *John. Cas.* 107.

OGDEN, J., concurred.